812 So.2d 447 (2002)
In the Interest of D.R., a child,
M.A.L., Appellant,
v.
Department of Children and Family Services, Appellee.
No. 2D01-707.
District Court of Appeal of Florida, Second District.
February 8, 2002.
Suzanne Harris, Lakeland, for Appellant.
Douglas Sherman, Bartow, for Appellee.
KELLY, Judge.
M.A.L. appeals from an order terminating his parental rights based on his failure to comply with a case plan. He argues that the trial court erred in terminating his parental rights on this basis because he was incarcerated and did not have the substantial ability to comply. Because the trial court's finding of failure to comply was primarily based on M.A.L.'s actions while he was at liberty, we affirm.
In support of his argument, M.A.L. cites In re E.L.H., 687 So.2d 924 (Fla. 2d DCA 1997), which holds that, in order to base termination on the failure to comply with a case plan, the parent must have the substantial ability to comply with the agreement. In E.L.H., this court found that it was improper to terminate the father's parental rights for failure to complete a case plan where the trial court had found that the father was unable to comply with the case plan while incarcerated. This case is distinguishable. Here, the trial court found that at the time of the hearing M.A.L. was unable to provide for his child's material needs because he was incarcerated. However, the trial court did not find that M.A.L.'s failure to complete the case plan was due to a lack of financial resources or to his incarceration.
The record shows that M.A.L. committed several criminal offenses in 1998 and was placed on probation. In the following months, he was in and out of jail for violating his probation. M.A.L.'s son was adjudicated dependent on April 7, 1998. M.A.L. was offered a case plan which required him to maintain contact with the Department of Children and Family Services counselor, set up a visitation schedule to see the child, obtain stable housing and employment, provide financial support for the child, complete a financial affidavit, refrain from illegal drug use, have no new law violations, and comply with all terms of *448 his current probation. M.A.L. signed the case plan on June 28, 1999, and within a month he committed a new offense by possessing a controlled substance. In doing so, he disregarded several substantial provisions of the case plan: he committed a new law violation, he violated his current probation, and he failed to show that he was attempting to correct a drug abuse problem. In addition, although M.A.L. was free on probation for several months and was employed, he did not contribute any amount of money to support his child, he did not complete a financial affidavit, and he failed to establish regular visitation with his child or to maintain contact with the Department. While incarcerated, M.A.L. made no attempt to keep in contact with the Department or the child, who was six years old at the time of the hearing. Thus, the record supports the trial court's finding that M.A.L. failed to substantially comply with his case plan despite having the ability to do so. Accordingly, we affirm the termination order.
Affirmed.
FULMER and DAVIS, JJ., Concur.